Davis, J.
William Heath, late of Madison county, died March 28, 1907, seized of about nine hundred and fifty acres of land situate in the counties of Madison and Pickaway, together with *277 some real estate in the village of Mt. Sterling, in Madison county, Ohio. He also was possessed of personal property amounting to about $42,000. He left a will, which was executed August 11, 1904, by which after several minor bequests and directions, he bequeaths and devises all the residue of his property, real and personal, to certain persons in trust that they should manage and control the same, and out of the income thereof from time to time pay over to his wife Mary (now Mary E. Dunlap, the plaintiff in error) and his only child Flora E. Alkire (now Flora E. Timmons) and his grandson William A. Alkire during each of their natural lives and in the order named “a sufficient amount of money as their necessities require for each of them to live comfortable and have all the necessaries of life, but not to live extravagantly.” He also expressed it to be his intention in so doing to provide “as far as I am able against any contingency and from even their own weakness or improvidence.” He further directed that in case his wife should elect not to take under the will, the trust should continue for the benefit of his said daughter and grandson, and that his wife should not in any way participate in the trust property, but take only what she would be entitled to under the law.
He also directed that in case his wife did not take under the will the trust should terminate on the death of his daughter Flora and his grandson William A. Alkire, and “upon the final termination of this trust, I will and direct that all the trust property and estate shall go to and vest in fee simple in the children or their representatives *278 of my grandson William A. Alkire, per stirpes, and in default of such children or their representatives, then the same is to go to and vest in the Defiance Christian College of Defiance, Ohio, and the Marion Christian College of Marion, Indiana, share and share alike.”
The testator’s scheme of devolution as thus declared was to provide a comfortable support for his wife, daughter and grandson and that at their death “all the trust property and estate” should go to the children of the grandson or their representatives and in default of such heirs to the charities named. This was the sole purpose and the whole extent of the trust.
This scheme was afterwards materially modified from time to time, through three codicils to the will. In the first codicil he bequeaths to his wife $5,000 and directs that she be permitted to reside upon any of the real estate of which he may die seized in addition to the provision for her in the will; and he bequeaths to his daughter Flora (now Flora Timmons) $5,000 and devises to her about two hundred and sixty-three acres of land for her natural life “the same to be in addition to” the support provided in the will. It is evident that the land devised to Flora for her life must be withdrawn from the trust by the codicil, because the enjoyment of the life estate is inconsistent with title in and management and control by, the trustees. The second codicil gives to Flora seventy-three acres more for her life and after her death to her husband for his life, “the same to be in addition” to what he had already given in the will and first codicil. ■ By the second codicil *279 he devises to his wife all of his real estate in the village of Mt. Sterling for her life, the same to be in addition to what he had already given in the will and first codicil. In the third codicil the only change material in the present controversy is in the residuary clause, which is made to read as follows : “Upon the final termination of the trust I will and direct that all the trust property and estate shall go to and vest in fee simple in the children or the representatives of my grandson William A. Alkire, per stirpes, and in default of said children or their representatives, then and in that case one thousand dollars shall be paid to the Defiance Christian College of Defiance, Ohio, and the balance of the trust property and estate shall go to my legal heirs.”
It is apparent from the will and codicils thereto, as they stood at the testator’s death, that his intention was that after the payment of debts and legacies the personal property should remain in the hands of the trustee, to be administered according to the trusts declared in the will; and that all of the testator’s real estate, except the Mt. Sterling property, devised to his 'wife, and the lands devised to his daughter Flora, for her life, should vest, for the purpose of the trust only, in the trustees; and that upon the termination of the trust, namely, upon the death of the testator’s wife and daughter and his grandson William A. Alkire “all the trust property and estate shall go to and vest in fee simple in the children or their representatives of my grandson William A. Alkire,” etc. This seems to. us to be clear beyond reasonable dispute.
*280 Now the widow declined to take under the will and elected to take under the law. There was no “disappointment” in that. She only declined to surrender what the law gave her for what the testator offered her, so that her life support, her life estate in the Mt. Sterling property and the $5,000 legacy remained in the hands of the trustees. She demanded the assignment of her dower in the lands of which her husband, the testator, died seized, and the court of common pleas directed that her dower be set off in that portion of the real estate of the testator not specifically devised to his daughter Flora and to her and her husband, Scott W. Timmons; and this was accordingly done. The trustees appealed from the decree of the common pleas court to the circuit court; and the latter court ordered “that the said plaintiff be endowed of one full equal one-third of the premises described in the petition, in the following manner: First, by giving to plaintiff all the real estate situate in the village of Mt. Sterling, Ohio, as described in the petition as part thereof and after deducting the value of said Mt. Sterling property that the balance of her full one-third part of said premises shall be proportioned between the lands held by the said defendant Flora E. Timmons and the defendants R. H. Schryver, T. E. Riddle, J. N. Waldo and Richard H. McCloud, as trustees under the will of William Heath, deceased.” The circuit court found as its conclusions of law as follows: “that the said Mary E. Fleath (now Dunlap), as the widow of said William Heath, having elected not to take the provisions of said will of William Heath, therein *281 provided for her, the said property in Mt. Sterling, Ohio, became and is rejected property, and that under the proper construction of said will the same should be assigned and set off to her as part of her said dower, and that the residue of her dower should be assigned and set off to her, in the said lands devised to Flora E. Timmons, his daughter, 'and in the said lands devised to said trustees in trust, in equal proportions.”
As it has been intimated already, we regard this judgment of the circuit court as both erroneous and inequitable; but an attempt is made to justify it, apparently on the ground of some supposed application of the doctrine of election and compensation to disappointed donees. The rule was clearly stated a long time ago in the often quoted note to Gretton v. Haward, 1 Swanston R., 441, 443, note a, as follows: “In the event of an election against the instrument, courts of equity assume-jurisdiction to sequester the benefit intended for the refractory donee, in order to secure compensation to those whom his election disappoints.” The same rule was recognized and applied in Jennings v. Jennings et al., 21 Ohio St., 56. The error of the circuit court was not in sequestering the property rejected,by the widow when she elected not to take under the will, but in not stopping with that. The court went beyond the rule and sequestered not only the rejected property, but also a portion of the specific devise of land to Flora Timmons for her life, thereby itself creating the only disappointment or prejudice, in law or equity, which has arisen in this estate, or which by any fair construction of- the will, as we conceive, could *282 arise. There appears to be property enough remaining, after awarding to the widow her rights under the statutes to satisfy all of the remaining legacies and devises in the order of precedence and as directed in the will and codicils. Doubtless the amount of the residuum of the estate would be reduced by the election of the widow to take under the statute and the payment to her of her distributive share of the personalty; but that is where the uncompensated loss ultimately should fall, unless it is otherwise indicated in the will. Estate of James M. Vance, deceased, 141 Pa. St., 201; Trustees of Church Home v. Morris, 18 Ky. Law Rep., 384; Treasy v. Treasy, 18 Ky. Law Rep., 387; Chamberlain v. Berry’s Exr., 22 Ky. Law Rep., 44. But there is’no indication of such an intention here. The' testator has provided that the trust shall not terminate until the three persons who are the objects of his especial solicitude are all dead and that then all the trust property and all of his estate shall vest as provided in the residuary clause. Until that time residuary legatees and devisees have no claim on the property, but when that time shall come all the dower land of the wife, all the life estate of the daughter, and all the trust property, real and personal, will have become integral parts of the residuary estate which shall vest as the testator has directed.
Our view is that the dower of the plaintiff in error should, as near as practicable and as may seem to be consistent with the rights of all the parties interested, be set off to her in one body and without disturbing or interfering with any of the land devised to Flora E. Timmons for her life *283 or for her life and that of her husband; and therefore the order and judgment of the circuit court is

Reversed.

Spear, C. J., Shauck, Price, Johnson and Donahue, JJ.,_ concur.